## Dunbar v. Maryland Casualty Company

*Sylvia H. Hahn,* for plaintiff.

*Lucille Marsh,* for defendant Maryland Casualty Company.

MUNLEY, *J.* March 8, 1989 — Plaintiff, Carl Dunbar, brings the declaratory judgment action pursuant to the provisions of the Declaratory Judgment Act, July 9, 1986, P.L. 586, 42 Pa.C.S. §7531 et seq., against defendant, Maryland Casualty Company, asking this court to order and direct defendant insurer to provide a defense and coverage under the terms of an automobile insurance policy it issued to the plaintiff insured.

The underlying matter which spawned the present action was an automobile accident which Mr. Dunbar was involved in on July 6, 1982 and resulting lawsuit brought against him by Peter and Audrey Hallock filed to no. 84 Civil 3320.

In the present case plaintiff alleges he was insured by defendant Maryland Casualty Company at the time of the accident and seeks to have it defend and provide coverage to him in the Hallock lawsuit. Defendant insurer submitted that plaintiff secured an insurance policy from their company covering a

1965 Buick auto for the period February 24, 1982 to August 24, 1982 but that the policy was properly cancelled for non-payment of premiums and was not in effect on the date of plaintiff's accident, July 6, 1982.

The facts established at hearing are: On February 24, 1982 plaintiff purchased a six-month auto insurance policy from defendant Maryland Casualty Company through an insurance agency, Insurance Management and Services Inc., an additional defendant. The policy secured from defendant insurer, policy no. TP 345 970 54, covered the period February 24, 1982 to August 24, 1982. The premium for the policy was $98 and covered a 1965 Buick automobile. Mr. Dunbar testified he promptly paid $45, representing partial payment, when he received the bill covering the first installment. Plaintiff testified he never received a second premium bill. Subsequently, on July 5, 1982, Dunbar sold his 1965 Buick and purchased a 1971 Chevrolet station wagon. Plaintiff testified at the hearing that he called his insurance agent on that date, spoke to the manager Mary Zuponic, and told her to transfer his insurance coverage from the Buick to the Chevrolet station wagon. Ms. Zuponic, unaware of any attempt by Maryland to cancel the policy, took the information. Ms. Zuponic testified that she did complete a change of coverage, as requested, on July 5, 1982. Mr. Dunbar, believing that his vehicle was insured, continued to drive his newly purchased automobile. On July 6, 1982, Dunbar was involved in an automobile accident in which interested party Peter Hallock suffered serious injuries. Dunbar notified Maryland Casualty of the accident and carrier refused to provide coverage or defend the Hallock lawsuit claiming the policy was cancelled on June 29, 1982 for non-payment of the premium.

Dunbar posits that he never received a bill or premium statement for the final installment. This claim went unrebutted at trial. Dunbar further submits that he never did receive a cancellation notice and Maryland Casualty contests this point. In essence, plaintiff argues that since Maryland Casualty failed to show a knowing non-payment of premium, it was not excused from sending a valid notice of cancellation pursuant to 40 P.S. § 1008.5. We agree.

The law in Pennsylvania on this issue is well settled. An insurer is excused from sending a valid notice of cancellation only if it can meet its burden of proving "knowing" non-payment of the premium. *Federal Kemper Insurance Co. v. Commonwealth,* 509 Pa. 1, 4, 500, A.2d 796, 700 (1985). To carry this burden, the insurer must show that it demanded the premium, the insured knew it was due and refused to pay.

Maryland Casualty submits that *Kemper* stands for the proposition that when an insured knows that a premium is due and fails to pay it, such inaction constitutes an overt act manifesting his intent to cancel the policy. We find the carrier's argument to be flawed. Maryland Casualty's claim that Dunbar's inaction in not paying the second installment evidenced a purpose to cancel is simply too broad of a proposition to be drawn from the evidence, sub judice. We agree that *Kemper* reaffirmed that notice of cancellation is not necessary when an insured evidences an intent to cancel. However, our reading of *Kemper* leads us to conclude that the court found that knowing non-payment of a premium after becoming due, under the peculiar facts therein presented, constituted objective conduct which manifested such an intent. The court adhering to the "mere non-payment" language, found that the

conduct of the insured in that case went beyond non-payment and sufficiently evidenced an intent to discontinue coverage. We are not alone in this belief. See *Insurance Co. of North America v. Rall*, 360 Pa. Super. 374, 520 A.2d 506 (1987). The present record is devoid/barren of any evidence that Maryland Casualty sent its insured a notice for the unpaid portion ($53) of the premium. What a herculean task it would be to require a consumer to memorize each date on which his or her insurance premium became due. Our commercial setting is not structured in such a manner and we think it unreasonable to require it of the consumer.

In the present matter, the record is barren of any conduct on behalf of Dunbar which would indicate an intent to cancel. The insured's uncontradicted testimony was that he did not receive any correspondence or notice from his carrier, either indicating the second installment was due, or notifying him of the cancellation. We found Dunbar's testimony credible and unshaken, even after cross-examination. More simply put, Maryland Casualty has failed to meet its burden of proof. Therefore, we shall enter an order directing Maryland Casualty to defend and indemnify Carl Dunbar in the Hallock lawsuit.

## ORDER

Now, March 8, 1989, plaintiff's application for declaratory judgment is hereby granted for the reasons set forth in the accompanying opinion. The court finds that Maryland Casualty Company has an obligation and duty to defend Carl Dunbar in the lawsuit commenced as a result of the aforementioned accident.